# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

DAVID M. RUSSELL

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Civil Action 2:20-cv-4064
Judge James L. Graham
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Plaintiff, David Russell, brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Social Security Income ("SSI"). This matter is before the undersigned for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 18), the Commissioner's Memorandum in Opposition (ECF No. 20), Plaintiff's Reply (ECF No. 21), and the administrative record (ECF No. 15). For the reasons that follow, it is **RECOMMENDED** that the Court **REVERSE** the Commissioner's non-disability determination and **REMAND** this matter to the Commissioner and the ALJ pursuant to Sentence Four of § 405(g).

    **I.**    **BACKGROUND**

Plaintiff filed an application for SSI on January 2, 2018, alleging that he became disabled on October 31, 2014. Plaintiff's application was denied initially in April 2018, and upon reconsideration in June 2018. A hearing was held on August 6, 2019, before an Administrative Law Judge ("ALJ"), who issued an unfavorable determination on August 22, 2019. (R. at 51–

65.) The Appeals Council declined to review that unfavorable determination, and thus, it became final.

Plaintiff seeks judicial review of the Commissioner's final determination. He alleges that the ALJ committed reversible error when he assessed Plaintiff's residual functional capacity[1] ("RFC") because he failed to adequately explain why he did not incorporate into Plaintiff's RFC all the restrictions that the state agency reviewing psychologists opined that he found to be credible. Alternatively, Plaintiff maintains that the ALJ erred in failing to assess whether Plaintiff's assistive device was medically necessary.

## II. THE ALJ's DECISION

The ALJ issued his decision on August 22, 2019, finding that Plaintiff was not disabled

---

[1] A claimant's RFC is an assessment of "the most [he] can still do despite [his] limitations." 20 C.F.R. § 4040.1545(a)(1).

within the meaning of the Social Security Act. At step one of the sequential evaluation process,[2] the ALJ found that Plaintiff had not engaged in substantially gainful activity since January 2, 2018, his application date. At step two, the ALJ found that Plaintiff had the following severe impairments: borderline intellectual functioning; bilateral hearing loss; vertigo; history of heart attack with coronary artery disease; hypertension; obesity; nicotine dependency; and sleep apnea. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ assessed Plaintiff's RFC as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except he can never climb ladders, ropes or scaffolds. He can occasionally climb ramps or stairs. He must avoid all exposure to excessive noise such that he can only work in a moderate noise environment or less. He is limited to occupations not requiring fine hearing capability or frequent telephone communication. He

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

> 1. Is the claimant engaged in substantial gainful activity?
>
> 2. Does the claimant suffer from one or more severe impairments?
>
> 3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
>
> 4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
>
> 5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

must avoid concentrated exposure to wetness and all exposure to unprotected heights and use of moving machinery. He can perform simple, routine and repetitive one to two step tasks in an environment with only occasional interaction with coworkers and the public, and with few workplace changes.

(R. at 57.) The ALJ determined that Plaintiff was unable to perform past, relevant work experience. (R. at 63.) The ALJ then relied on testimony from a vocational expert ("VE") to determine that in light of Plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that he could perform. (R. at 64.) The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act. (R. at 64-65.)

### III. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "take 'into account whatever in the record fairly detracts from [the] weight" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'"

*Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## IV. ANALYSIS

As set forth above, Plaintiff alleges that the ALJ erred by failing to adequately explain why he did not incorporate into Plaintiff's RFC all of the limitations the state agency reviewing psychologists opined that he found to be credible. The undersigned agrees.[5]

A claimant's RFC is an assessment of "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. § 416.945(a)(1) (2012). A claimant's RFC assessment must be based on all the relevant evidence in a his or her case file. *Id.* The governing regulations[6] describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. §§ 404.1513(a)(1)-(5); 416.913(a)(1)–(5). With regard to two of these categories—medical opinions and prior administrative findings—an ALJ is not required to

---

[5] Because the undersigned finds that remand is required based upon Plaintiff's first contention of error, the undersigned need not resolve Plaintiff's alternative arguments in support of reversal and remand. Nevertheless, on remand, the ALJ may consider Plaintiff's alternative assignments of error if appropriate.

[6] Plaintiff's application was filed after March 27, 2017. Therefore, it is governed by revised regulations redefining how evidence is categorized and evaluated when an RFC is assessed. *See* 20 C.F.R. §§ 404.1513(a), 404.1520c, 416.913(a), 416.920c (2017).

"defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s) including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a); 416.920c(a). Instead, an ALJ must use the following factors when considering medical opinions or administrative findings: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program s policies and evidentiary requirements." §§ 404.1520c(c)(1)–(5); 416.920c(c)(1)–(5). Although there are five factors, supportability and consistency are the most important, and the ALJ must explain how they were considered. §§ 404.1520c(b)(2); 416.920c(b)(2). And although an ALJ may discuss how he or she evaluated the other factors, he or she is not generally required to do so. *Id*. If, however, an ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." §§ 404.1520c(b)(3); 416.920c(b)(3).

In addition, when a medical source provides multiple opinions, the ALJ need not articulate how he or she evaluated each medical opinion individually. §§ 404.1520c(b)(1); 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." *Id.*

In this case, state agency psychologists Joseph Edwards, Ph.D., and Jaime Lai, Psy.D, opined that Plaintiff retained the RFC to understand simple, one-to-three-step instructions and carry out simple, one-to-three-step tasks in settings without strict time and production demands.

6

Drs. Edwards and Lai further opined that Plaintiff could interact superficially with coworkers and supervisors, but could not have contact with the public. Finally, Drs. Edwards and Lai opined that Plaintiff required work in a setting where major changes could be explained in advance to allow for adjustment.

> The ALJ analyzed the opinions from the state agency psychologists as follows:
>
> Joseph Edwards, Ph.D., and Jaime Lai, Psy.D., both psychologists, provided identical administrative medical findings based on each consultant's review of the record on April 6 and June 25, 2018, respectively, which I consider partially persuasive because not all opined limitations are well supported or consistent with the evidence as follows. Drs. Edwards and Lai do not have treating or examining relationships with the claimant but had the opportunity to review the medical evidence. They both found that the claimant had moderate limitations in each of the four broad areas of mental functioning known as the "paragraph B" criteria of the listings, and they specifically found that the claimant can understand and carry out simple one to three step tasks and work in a setting where major changes are explained in advance to allow for adjustment. These limitations are generally reflected in this decision with only minor differences in the residual functional capacity finding with regard to simple, routine, repetitive one to two step task and few workplace changes, and *these limitations are well supported by explanation regarding memory in the borderline range and other standardized intelligence testing results. These limitations are also generally consistent with the medical evidence obtained through a psychological consultative examination.* However, the finding that the claimant's interaction with the general public is markedly limited and that he should have no contact with the public is not well supported by explanation noting no specific problems with such interactions reasonably connected to medically determinable mental impairment, and this aspect of the finding is not consistent with the other medical evidence showing no findings that indicate this degree of limitation with regard specifically to interaction with the public during the adjudicated period.

(R. at 62 (internal citations to the record omitted) (emphasis added).)

Plaintiff maintains, and the undersigned agrees, that the ALJ's discussion is inadequate with regard to why the pace limitations Drs. Edwards and Lai opined were omitted from the

7

RFC.[8]  The ALJ explicitly indicated that the limitations found by the reviewers were "consistent with the medical evidence," with the exception of the opined limitations relating Plaintiff's interaction with the general public.  Significantly, the ALJ does not explain elsewhere in his decision how the omitted pace limitations lacked consistency or supportability.  To be sure, the ALJ was not required to adopt verbatim the reviewers' findings even though he determined that they were consistent with the evidence.  *See Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) ("Even where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale.").  But where, as is the case here, an ALJ determines that an opinion or finding is consistent with the evidence, the ALJ must incorporate those limitations in that opinion or finding or provide an adequate explanation for declining to do so.  *See, e.g.*, *Queen v. Comm'r of Soc. Sec.*, No. 2:16–cv–1082, 2017 WL 6523296, at *9–10 (S.D. Ohio Dec. 21, 2017) (remanding where the ALJ "failed to include at least one limitation" from an opinion he had assigned great weight without explaining the omission).  An ALJ's failure to provide such an explanation requires remand because it prevents this Court from conducting meaningful review to determine whether substantial evidence supports the ALJ's decision.  *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th

---

[8] Plaintiff's challenge to the ALJ's explanation regarding his omission of a limitation to only superficial interaction presents a closer call given that elsewhere in his discussion, the ALJ, in discussing Plaintiff's mental limitations, stated as follows:

> [Plaintiff] also reported that he has no trouble getting along with family, friends, or neighbors, and he plays games and cards with others regularly.  He also shops in stores for groceries regularly, and he reported that he needs his wife to accompany him when he goes out in case he falls but not due to any mental limitations.

(R. at 58 (internal citations to the record omitted.)

8

Cir. 2011) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.'" (quoting 5 U.S.C. § 557(c)(3)(A))); *Allen v. Astrue*, No. 5:11–cv–95, 2012 WL 1142480, at *8 (N.D. Ohio Apr. 4, 2012) (remanding where "the ALJ failed to properly articulate the RFC calculation," explaining that the Court was "unable to trace the path of the ALJ's reasoning"); *Commodore v. Astrue*, No. 10–295, 2011 WL 4856162, at *4, 6 (E.D. Ky. Oct. 13, 2011) (remanding action "with instructions to provide a more thorough written analysis," where the ALJ failed to articulate the reasons for his RFC findings such that the Court could not "conduct a meaningful review of whether substantial evidence supports the ALJ's decision"); *Cote v. Colvin*, No. 16–cv–57, 2017 WL 448617, at *7 (W.D. Wisc. Feb. 2, 2017) ("On remand, the ALJ must build a logical bridge between the evidence and any social functioning limitations that he chooses to include in the residual functional capacity assessment."). Such is the case here.

In summary, the ALJ concluded that certain findings in the opinions from Drs. Edwards' and Lai's opinions—including a limitation to an environment "without strict time [or] production demands"—were "well supported" and "consistent with the medical evidence," (R. at 182, 62), yet he neglected to explain why he omitted these limitations. This lack of an explanation forces the undersigned to speculate about the ALJ's reasoning. Accordingly, the undersigned finds that Plaintiff's first contention of error has merit and requires remand.

V.     **RECOMMENDED DISPOSITION**

Based on the foregoing, it is **RECOMMENDED** that the Court **REVERSE** the Commissioner's non-disability determination and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this R&R.

## VI.     PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation ("R&R"), that party may, within fourteen (14) days of the date of this R&R, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A District Judge of this Court shall make a *de novo* determination of those portions of the R&R or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the R&R.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

> /s/ *Chelsey M. Vascura*
> CHELSEY M. VASCURA
> UNITED STATES MAGISTRATE JUDGE